# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT CLAUDE McCORMICK,       )<br>                                )<br>            Petitioner,            )<br>v.                              )     Case No. CIV-10-252-W<br>                                )<br>RANDY PARKER, WARDEN,           )<br>                                )<br>            Respondent.           ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Petitioner filed his Petition in this Court on March 11, 2010. It is recommended that this action be transferred to the United States District Court for the Eastern District of Oklahoma.

In this action, Petitioner challenges his conviction in the District Court of Bryan County, Oklahoma, in Case No.CR-2002-105. He is presently incarcerated at James Crabtree Correctional Center located in Helena, Oklahoma.

Since Petitioner attacks his conviction in the District Court of Bryan County located within the Eastern District of Oklahoma, and since he is in custody at James Crabtree Correctional Center located within the Western District of Oklahoma, both federal district courts have jurisdiction to entertain Petitioner's habeas corpus petition. 28 U.S.C. § 2241(d). Pursuant to 28 U.S.C. § 2241(d), the district court for the district in which a habeas petition

is filed, in the exercise of its discretion and in furtherance of justice, may transfer the petition to the other district for hearing and determination.

It has been a longstanding policy of this Court and the United States District Court for the Eastern District of Oklahoma that justice is normally better served by the adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located, where trial counsel for the prosecution and for the petitioner are ostensibly available and where any necessary witnesses usually reside in the event an evidentiary hearing is necessary. Transportation of Petitioner to any hearing in the Eastern District would be a modest expense for state and/or federal officials when compared to the costs of an evidentiary hearing in Oklahoma City. For these reasons, this case should be transferred to the Eastern District of Oklahoma.

## **RECOMMENDATION**

It is recommended that this case be transferred to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 2241(d).

## **NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should be filed with the Clerk of the District Court by April __6th__, 2010. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of

the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this __16th__ day of March, 2010.

_/s/ Valerie K. Couch_
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE